IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE BEROS,**

    **Petitioner,**

**v.**                **Civil Action No. 3:08cv14**
                        **(Judge Bailey)**

**WAYNE A. PHILLIPS, Warden,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case on January 16, 2008, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in which he seeks an order directing the Bureau of Prisons ("BOP") to transfer him to a Community Corrections Center ("CCC") for the last six months of his term of imprisonment. The petitioner paid the required filing fee on February 4, 2008.

On January 29, 2008, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted at that time. Consequently, the respondent was directed to file an answer to the petition and did so on February 28, 2008, by filing a Motion to Dismiss. The Court issued a Roseboro Notice on March 4, 2008, and the petitioner filed a response to the respondent's motion on March 31, 2008. This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

### I. Factual and Procedural History

The petitioner was convicted in the United States District Court for the District of Colorado and sentenced to a 12 month and 1 day term of incarceration. See dckt. 8-2 at 1. The petitioner was

1

subsequently designated to serve his sentence at FCI Morgantown.

In the petition, the petitioner asserts that the BOP's policy of transferring prisoners to a CCC for the last 10% of their term of imprisonment has been ruled unconstitutional. Therefore, he seeks consideration of his CCC placement date without reliance on the challenged regulations.

## II. Historical Background

Prior to December 2002, the BOP had a policy of placing prisoners in a CCC for up to six months, regardless of the total length of the inmate's sentence. See BOP Program Statement 7310.04. However on December 13, 2002, the Office of Legal Counsel for the Department of Justice issued a memorandum stating that this practice was inconsistent with 28 U.S.C. § 3624(c) which, in its opinion limited an inmate's placement in a CCC to the lessor of six months or ten percent of the inmate's sentence. Section 3624(c) provides as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

The BOP adopted the Office of Legal Counsel's interpretation of the statute, and numerous habeas petitions challenging the December 2002 Policy were filed. The First and Eighth Circuits, as well as many district courts, [1] found the policy contrary to the plain meaning of 18 U.S.C. § 3621(b) which states:

---

[1] See Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004); Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004); Cato V. Menifee, 2003 WL 22725524 at *4 (S.D.N.Y. Nov. 20, 2003 (collecting cases).

2

> The Bureau shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence -
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In response to those decisions, the BOP created new regulations in 2005 governing the placement of inmates in CCCs. These regulations state that the BOP was engaging in a "categorical exercise of discretion" and choosing to "designate inmates to [CCC] confinement . . . during the last ten percent of the prison sentence being served not to exceed six months." 28 C.F.R. § 570.20-21. The new regulation expressly prohibits placement of prisoners in CCCs prior to the pre-release phase of imprisonment and provides:

> When will the **Bureau designate** inmates to **community** confinement?
>
> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the **last ten percent** of the **prison sentence** being **served**, not to exceed six months.
>
> (b) We may exceed the time-frames only when specific Bureau programs

> allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program . . . or shock incarceration program) . . .

28 C.F.R. § 570.21. (Emphasis added)

It is this regulation which prompts the petitioner's habeas challenge in the instant case.

### III. Analysis

**A. Petitioners' contentions**

In the petition, the petitioner asserts that he was told by his case manager, that as a matter of policy, he could not be transferred to a CCC until the last 10% of his sentence. Petitioner asserts that such policy has been ruled unconstitutional by the Second, Third, Eighth and Tenth Circuits, and he is being unlawfully denied transfer to a CCC for the last six months of his sentence. As relief, the petitioner requests the Court grant his writ and order the BOP to transfer him to a CCC for the last six months of his sentence.

In support of his claims, the petitioner asserts that the BOP's 10% policy represents a categorical rule which places durational limits on CCC confinement. Petitioner asserts such rule contradicts the plain meaning of 18 U.S.C. § 3621(b) and has been found unlawful by the Second, Third, Eighth and Tenth Circuits because it contravenes unambiguously expressed congressional intent and the *ex post facto* clause of the United States Constitution. In addition, although the petitioner concedes that the BOP has discretion under § 3621(b) to make placement determinations, he asserts that § 3621(b) sets specific parameters which limit that discretion. Therefore, the petitioner asserts that the BOP may not implement categorical rules which do not take into account the limits of its discretion.

**B. The Government's Contentions**

4

In the motion to dismiss, the Government contends that the petitioner's unit team has reviewed his case file and made a CCC referral date, based solely on the five factors enumerated in 18 U.S.C. § 3621(b). Dckt. 8-2 at Ex. 1 (Declaration of Lori Lindsay). In that referral, the petitioner was recommended for CCC placement for 30-45 days. Id. at ¶ 9. Such review is evidenced in section 12 of the referral form. Id. at Att. B. Therefore, the government argues that the petition should be dismissed as moot because the petitioner has received the relief sought in the petition and there is no live case or controversy remaining.

C.  **Plaintiffs' Response**

In his response to the respondent's motion to dismiss, the petitioner asserts that the BOP has not properly considered the five factors under § 3621(b), and that the documents provided by the respondent are fraudulent and misleading. In support of this claim, the petitioner asserts that in February of 2008, he requested a copy of his official CCC referral form from his case manager, Lori Lindsay. In response, the petitioner received a copy of a referral form created in November of 2007, and a second one created in February of 2008. The petitioner asserts that Ms. Lindsay discussed the two forms with him and told the petitioner that the first document was his original CCC referral form, and that the second document was created and executed at the request of respondent's legal counsel. The petitioner asserts that such action shows that the United States Attorney's Office and the BOP have knowingly filed a misleading or false document. The petitioner asserts that at no time was he given proper consideration under 18 U.S.C. § 3621(b). Moreover, the petitioner cites to a letter from the BOP's Office of Legislative Affairs, in response to a congressional inquiry, to establish that the BOP has not rescinded it's 10% policy nation-wide.

D.  **Pertinent Caselaw**

The Third Circuit Court of Appeals was the first court of appeals to address the issue raised in the instant case. In Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the Third Circuit recognized that the various district courts to address this issue were split as to the validity of the BOP's 2005 regulations. See Woodall at 244 (collecting cases). However, after analyzing the conflicting opinions, the Third Circuit found the regulation unlawful. Id. Specifically, the Third Circuit found that the governing statute, 18 U.S.C. § 3621(b), "lists five factors that the BOP must consider in making placement and transfer determinations. The 2005 regulations, which categorically limit the amount of time an inmate may be placed in a Community Corrections Center ("CCC"), do not allow the BOP to consider these factors in full." Id. at 237. More specifically, the Court noted:

> [t]he regulations do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the purposes for the sentence. And yet, according to the text and history of § 3621, these factors must be taken into account. The regulations are invalid because the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations.

Id. at 244; see also Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71, 85-87 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006).

Relying on the clear weight of authority, this District has likewise concluded that the challenged regulations are invalid. See Smith v. Gutierrez, 2:06cv121 (N.D.W.Va. Sept. 26, 2007) (Maxwell, Sr. J.); Simcoke v. Phillips, 1:07cv77 (N.D.W.Va. Sept. 18, 2007) (Keeley, C. J.); Jaworski v. Gutierrez, 5:06cv157 (N.D.W.Va. Aug. 23, 2007) (Stamp, Sr. J.); Murdock v. Gutierrez, 3:06cv105 (N.D.W.Va. July 24, 2007) (Bailey, J.). However, in doing so, the Court has made clear that such a decision does not entitle any inmate to an Order from this Court directing

6

that he be immediately transferred to a CCC for the last six months of his sentence. Id. In fact, the Court has explicitly noted that the BOP's regulations are invalid only to the extent that an inmate's placement in a CCC is limited to the lessor of 10% of his sentence, or six months, without consideration of the five factors set forth in 18 U.S.C. § 3621(b). Id. Thus, the invalidation of the BOP's regulations merely entitles an inmate to have his CCC placement considered in accordance with the five factors set forth in § 3621(b).

**E.  Mootness**

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Here, the BOP has in fact considered the five factors set forth in 18 U.S.C. § 3621(b). See dckt. 8-2, Ex. 1 at Att. B (petitioner's CCC referral form). As noted above, the petitioner's CCC referral form clearly shows that the BOP considered the five factors under § 3621(b). See dckt. 8-2, Ex. 1 at Att B. In section 12 of the form, it specifically states that in determining the petitioner's CCC referral date, the petitioner was reviewed under § 3621(b). Id. Moreover, the petitioner's case manager specifically lists the five factors and states how the petitioner's circumstances are related to those factors.[2] Id. Thus, the petitioner has received all the consideration he is due under

---

[2] Section 12 states: "Inmate Beros was reviewed under 18 U.S.C. 3621b: 1. There are available community corrections in his release area. 2. The nature and circumstances of the offense are eligible for community corrections as there was no violence or other extenuating circumstances that would preclude placement. 3. The history and characteristics of the inmate are: he has an established residence and community ties. He is a college graduate and should have no problem securing employment during community corrections placement as he was employed prior to the instant offense, his sentence is

7

§ 3621(b), and the prior decisions of this Court.

Additionally, the petitioner's objections to the respondent's motion are without merit. As to the two CCC referral forms, there is nothing misleading or fraudulent about them. In her declaration, Ms. Lindsay states that the November 2007 referral form was the petitioner's initial CCC referral form, done pursuant to the BOP's 10% policy. See dckt. 8-2, Ex. 1 at ¶ 8. The second document, created in February 2008, was a subsequent referral form, created without reference to the 10% policy and based solely on the five factors set forth in 18 U.S.C. § 3621(b). Id. at ¶ 9. Ms. Lindsay explains that in light of the recent judicial decisions by this Court finding that the BOP's 10% policy is invalid, the petitioner's CCC referral date was reassessed. Id. There is nothing nefarious about this. The BOP simply performed a reassessment of the petitioner's CCC referral date based on this Court's finding that the BOP's 10% policy invalid. This was entirely proper under the circumstances and the February 2008 referral form is neither false nor misleading.

As to the letter by the BOP's Office of Legislative Affairs, the petitioner is correct that it shows that the BOP has not abandoned its 10% policy *nation-wide*. It does not, however, show that the policy is still in place *in this district*. In fact, in testimony regarding this exact issue in a similar case before this Court, the BOP presented testimony that, because this Court has unanimously found the 10% policy invalid, it officially abandoned the policy in this district in December of 2007. See Safa v. Phillips, 5:07cv154 (N.D.W.Va. 2007). Therefore, this claim has no merit.[3]

---

reasonably short, and he has not been removed from the community for a particularly lengthy period. Therefore, a 30 to 45 day placement should be an adequate amount of time for him to take full advantage of the transitional services and programs. 4. There were no statements on the J&C from the sentencing Court in the District of Colorado regarding community corrections placement at the time of sentencing. 5. There is no pertinent policy by the Sentencing Commission."

[3] It is worth noting that the quoted sections of the letter by the Office of Legislative Affairs support this finding:

8

Because the petitioner has already been granted the relief sought in the case -- proper consideration of his CCC placement under § 3621(b), this case is moot. To the extent that the petitioner seeks an Order from the Court directing that he be granted the full six months halfway house placement, that is simply not relief that this Court is capable of granting. See Woodall v. Federal Bureau of Prisons, 432 F.3d at 251 ( "that the BOP may assign a prisoner to a CCC does not mean that it must"); see also Crahan v. Adams, 2004 WL 4020190 *17 (S.D.W.Va. June 28, 2004) (federal prisoners have no right under § 3621(b) to placement in a halfway house for the full six months).

## IV.  Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (dckt. 8) be **GRANTED** and the petitioner's § 2241 petition be **DENIED** and **dismissed with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins,

---

"It is always our goal to treat inmates as consistently as possible. Given the nature of our Federal Court System, however, decisions issued in one Circuit don't automatically control in other Circuits. We continue to believe that the regulations in question are a valid exercise of our statutory authority, and we continue to defend and apply them *unless the appropriate Courts mandate otherwise*."
Petitioner's Reply (dckt. 11) at 4 (emphasis added).

9

766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); .

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: April 25, 2008.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE