# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**GEORGE BEROS,**

    **Petitioner,**

v.                                               **Civil Action No. 3:08CV14**
                                                                    **(BAILEY)**

**WAYNE A. PHILLIPS, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 14) and the petitioner's corresponding objections (Doc. 16). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See *Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation that the petitioner objected. The remaining portions of the report and recommendation to which petitioner did not object will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 14)** should be, and is, **ORDERED ADOPTED**.

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2241 are as follows. Currently, the petitioner is serving a 12 month and 1 day term of incarceration at FCI Morgantown. Pursuant to Bureau of Prisons (BOP) policy, in November of 2007, the petitioner's unit team conducted a review and recommendation concerning the placement of the petitioner in a Community Corrections Center (CCC). In doing so, the unit team capped petitioner's CCC recommendation at 10% of his total term of incarceration. Thereafter, in January of 2008, and in response to rulings of this District invaliding the categorical application of the 10% cap, the BOP re-conducted petitioner's CCC review and recommendation in conformity with 18 U.S.C. § 3621(b). Further, at no time did the petitioner seek to avail himself of the Bureau of Prisons Administrative Remedy Program.

On January 16, 2008, the plaintiff filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). In the petition, plaintiff asserts that the BOP improperly capped his recommendation for time spent in CCC in reliance on either an invalidated 2005 BOP regulation or the prior Department of Justice Office of Legal Counsel (OLC) Opinion on which it was based. Subsequently, on February 28, 2008, the respondent filed a Motion to Dismiss (Doc. 8) seeking dismissal on mootness grounds, as the petitioner has already received the only relief that he is entitled to, namely, to have his CCC recommendation determined in conformity with 18 U.S.C. § 3621(b). In addition, the respondent contends that dismissal is warranted because the petitioner failed to exhaust available administrative remedies prior to filing suit. Following the filing of the government's motion, the Court issued a Roseboro Notice (Doc. 9). Thereafter, petitioner filed his Response (Doc. 11) arguing that the documents provided by the respondent

indicating that petitioner's reevaluation occurred in conformity with the 18 U.S.C. § 3621(b) are fraudulent and misleading. Further, petitioner contends that dismissal for failure to exhaust administrative remedies is not warranted because, for the petitioner, pursuing those remedies would be futile.

Upon consideration, the Magistrate Judge found that the January 2008 reevaluation by petitioner's case manager was made in consideration of the factors outlined in 18 U.S.C. § 3621(b) . As a result, the Report and Recommendation (Doc. 13) recommends that the petition be dismissed on mootness grounds. In response, petitioner again objects that the documents provided by the respondent indicating that petitioner's reevaluation occurred in conformity with the 18 U.S.C. § 3621(b) are fraudulent and misleading.

Generally, federal inmates must exhaust their administrative remedies prior to filing a § 2241 petition. **See, e.g., Martinez v. Roberts**, 804 F. 2d 570 (9th Cir. 1996), **Moscato v. Federal Bureau of Prisons**, 98 F.3d 757 (3d Cir. 1996). In the context of challenging a prisoner's CCC referral, many courts have excused a petitioner's failure to exhaust administrative remedies on futility grounds. **See, e.g., Fagiolo v. Smith**, 236 F. Supp. 589, 590 (noting that "exhaustion would be futile because the BOP has adopted a clear and inflexible policy regarding it's interpretation of 18 U.S.C. § 6424(c)"). However, as noted by the respondent in the motion to dismiss and as indicated in the case law, the identified futility in the context of challenging a CCC referral results from the categorical application of 10% cap, which no longer is in use within this District. Despite this fact, the Court views administrative exhaustion futile in the sense that the petitioner has been afforded the ultimate relief due under the administrative process by virtue of the January 2008 self-

curative revaluation of petitioner's CCC recommendation pursuant to the factors outline in 18 U.S.C. § 3621(b). Because much of petitioner's confusion stems from prior BOP policies regarding the designation of CCC, a brief review of that history is in order.

Title 18, United States Code, Section 3621(b) outlines a list of five factors to be considered by the BOP in making a prisoner's CCC determination. **See** 18 U.S.C. § 3621(b). In 2005, the BOP enacted a new regulation requiring inmates to be placed in RRC/CCC for the "last ten percent of the prison sentence being served not to exceed six months" based upon a purported "categorical exercise of discretion." 28 C.F.R. §§ 570.20-21. Immediately prior to that time, CCC determinations were conducted in accordance with an OLC Opinion requiring that "pre-release CCC designations [be] limited in duration to the last 10% of an inmate's prison term to be served, not to exceed six month." *Id*. This 2005 regulation, and the preceding OLC Opinion, in turn spawned a wealth of federal litigation challenging their validity the ground that they were inconsistent with the plain meaning of 18 U.S.C. § 3621(b). In considering this issue, the court's of this District have concluded that the 2005 regulation is in fact invalid because it impermissibly contravenes the clear will of Congress to have the BOP consider the factors outlined in 18 U.S.C. § 3621(b) when making an inmate's RRC/CCC determination. **See Smith v. Gutierrez**, 2007 WL 2819535 (N.D.W.Va. Sept. 26, 2007), **Simcoke v. Phillips**, 2007 WL 2739540 (N.D.W.Va. Sept. 18, 2007), **Jaworski v. Gutierrez**, 509 F. Supp. 573 (N.D.W.Va. 2007), **Murdock v. Gutierrez**, 2007 WL 2193592 (N.D.W.Va. July 24, 2007). However, in doing so, the courts of this District have also concluded that a RRC/CCC determination in conformity with 18 U.S.C. § 3621(b) is the appropriate remedy for an improper application of the 2005 BOP

regulation. *Id*.

As properly noted by the Magistrate Judge, a case becomes moot, thereby offending the case and controversy requirement of Article III, when there is no viable legal issue left to resolve. **See Powell v. McCormick**, 395 U.S. 486, 496 (1969). Accordingly, such a case must be dismissed where developments occur during the course of the case which render the Court unable to grant a party the relief requested. ***Blanciak v. Allegheny Ludlum Co.***, 77 F.3d 690, 698-99 (3d Cir. 1996). Therefore, because the petitioner has already received an CCC determination in conformity with 18 U.S.C. § 3621(b), the Court agrees with the recommendation of the Magistrate Judge, that the petition should be dismissed as moot. In doing so, the Court rejects petitioner's claim that respondent's supporting documentation is fraudulent and misleading, which, as noted by the Magistrate Judge, is entirely unfounded.

For the foregoing reasons, and those more fully contained in the Report and Recommendation (Doc. 14), the Court hereby **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Doc. 14)** is **ADOPTED**; that

2. **Respondent's Motion to Dismiss (Doc. 8)** is **GRANTED in PART**, with respect to the mootness rationale, and **DENIED in PART**, with respect to the rationale predicated on the petitioner's failure to exhaust available administrative remedies; and that

3. **The Petition for Writ of Habeas Corpus (Doc. 1) is DENIED .**

As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from

the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**Dated**: May 9, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE